

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-2508
Re: Construction of Article
4442, Revised Civil Stat-
utes, as applied to the
particular set of facts
stated in this opinion.

We are in receipt of your letter of recent date
in which you ask the following question:

"A physician who is caring for a number
of individuals who are capable of paying only
a minimum obsterical fee has equipped a room
in his office for the delivery of patients.
The equipment meets every qualification that
we have established for a maternity division.
The physician does not charge a fee for the
delivery of a patient in this room but charges
his regular obsterical fee which is the usual
fee charged by the physicians of the community,
but he feels that by delivering the patients
in his office, he can continue to handle other
business while the patient is waiting the time
of her delivery. As soon as is practical after
delivery, the patient is moved to her home.
Sometimes this takes place in four hours; some-
times in twelve to twenty-four hours.

"I would greatly appreciate your opinion
as to whether the physician's office in such
circumstances should be licensed as a maternity
home." (Underscoring ours)

Article 4442, Revised Civil Statutes of Texas,
sets out the fact situation under which a maternity home is
required to secure a license. The said article reads, in
part, as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"1. Every individual, firm, association, or corporation, owning, keeping, conducting or managing an institution or home for the boarding or sheltering of infant children, or so-called 'Baby Farm,' or any lying-in hospital, hospital ward, maternity home or <u>other place for the reception, care and treatment of pregnant women, and charging a fee or receiving or expecting compensation in the way of room rent or board</u>, shall obtain an annual license which shall be issued by the State Board of Health without fee, shall not be transferable to other persons or other premises, and shall expire on the thirty-first day of December next following the issuance. * * *"
(Underscoring ours)

It is important to note that one of the necessary elements upon which this license requirement is based is the charging of a fee or compensation for the use of the ward, room or place.

Under the facts as you have stated them, no fee is charged for this particular service. Your letter states: "The physician does not charge a fee for the delivery of a patient in this room * * *". It would therefore seem clear that the delivery room described in your opinion would not come under the classification of those places of which a license is required. Apparently it was the intention of the Legislature in passing this article to license all such commercial institutions.

We therefore respectfully advise you that under the facts as stated the physician's office would not be required to secure a license as a maternity home.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Frederik B. Isely
Frederik B. Isely
Assistant

FBI:RS

APPROVED JUL 12, 1940
Glenn R. Lewis
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
BY BWB
Chairman

OK
WRR